*Quinn, Kernan & Quinn, Michael De Ciantis*, for complainants.

*Daniel A. Colton*, for respondent.

IDA D. BERRY *vs.* J. BARNARD FRENCH.

MARCH 16, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J. This is an action of the case to recover either a broker's commission or compensation on account of the sale of a portrait, known as the "Madame Bourne Portrait" by John Singleton Copley, which was sold by the defendant to the Metropolitan Art Museum in the city of New York.

Jury trial having been waived, the case was tried before a justice of the Superior Court who gave decision for the defendant. To this decision the plaintiff excepted and has brought that exception before us, together with two other exceptions taken in the course of the trial to the rulings of the justice upon the admission of evidence.

It appears in evidence that the plaintiff resides in New York City and the defendant in Bristol, Rhode Island. The plaintiff acts as a broker in selling paintings. At a studio reception in New York the plaintiff met Miss De Wolf who soon afterwards married the defendant. At that meeting the plaintiff learned that the defendant owned the portrait in question. The plaintiff then stated to Miss De Wolf that she was engaged in selling valuable paintings, that she had a friend interested in procuring the works of Copley, and that she would be pleased to sell the Madame Bourne portrait to him. After the marriage of Miss De Wolf to the defendant, with the authority of the defendant, she wrote to the plaintiff in regard to the sale of the portrait. Then followed correspondence between the defendant's wife, acting with his authority, and the plaintiff, and also between the defendant himself and the plaintiff. From this correspondence it should be found that the defendant empowered the plaintiff as a broker to act for him in procuring a purchaser for the portrait at the net price of $15,000, with

compensation to the plaintiff of the amount obtained for the portrait in excess of $15,000.

Although the engagement of the plaintiff entitled her to receive as compensation all that was obtained for the portrait in excess of the price fixed by the defendant, she was nevertheless acting as his agent and was under the same obligation to act with absolute good faith towards him with regard to all material things that is imposed upon a broker engaged to sell upon commission. This was especially true as to all matters which would affect the defendant's judgment in fixing the net price for which he would sell. The contention of the plaintiff's counsel in this regard amounts to the assertion that the only duty of the plaintiff was to procure for the defendant the lowest net price for which he might consent to sell, without regard to the means employed, by which the plaintiff induced the defendant to fix that net price. Such was not the limit of the plaintiff's obligation to the defendant.

Under the agreement between the parties, authorizing the plaintiff to negotiate for a sale at a net price, the amount of her compensation would be affected by her obtaining as high a price as she was able, and also by the fact that the defendant fixed a low price at which he would sell. The evidence clearly warrants a finding that, having that circumstance in mind, the plaintiff at once entered upon a course of falsification and deception as to all matters material and immaterial, for the purpose of depressing the defendant's net price. She approached the curator of paintings of the Metropolitan Art Museum and found that the museum was desirous of adding another Copley to its collection. The evidence satisfactorily discloses that at no time did the plaintiff have any other prospective customer beside the museum. The curator took under consideration the price of $15,000 but required that before acting upon the matter the portrait should be sent to the museum that he might be able to examine it. This the plaintiff induced the defendant to do, while deceiving him as to the real

situation. All the following statements made by the plaintiff are entirely without foundation in truth. She told the defendant that she had a customer who was intending to make a gift to the Metropolitan Art Museum and was in doubt whether he would purchase the Bourne portrait or an historical picture, which he was then considering. Later she said that her prospective customer would give $12,000 for the portrait but that the defendant must act quickly upon the offer. By this the defendant was induced to agree to take $12,000 net for the portrait. Led by the false and confusing letters of the plaintiff the defendant's wife came to New York, and, apparently without suspecting the plaintiff's lack of good faith, she went to the museum and there, after an interview with the curator, the plaintiff's duplicity was apparent. Without disclosing what she had learned she permitted the plaintiff to call upon her at her hotel the next day. The plaintiff commenced the interview by declaring: "I have bad news for you." She then said that the art critics had severely criticized the portrait and she feared that her customer would not give more than $9,000 or $10,000, at most, for it. The plaintiff then earnestly importuned Mrs. French to call the defendant by telephone and get his consent to sell the portrait for $10,000. Being then aware of the falsity of all the plaintiff's statements, Mrs. French refused to communicate with her husband. She returned to Bristol and informed the defendant of what she had learned. The defendant immediately telegraphed to the plaintiff revoking all her authority to deal further with the matter. This he was legally justified in doing. By her lack of good faith, destroying the defendant's confidence in her as his agent, the plaintiff had forfeited the right to continue in the transaction, and by her fraudulent misrepresentations, inducing him to reduce his net price from $15,000 to $12,000, she had lost all right to claim compensation.

Later the defendant accepted an offer of the museum to puchase the portrait for $13,000 which was the first offer it had made.

We approve the decision of the justice. Also the plaintiff clearly takes nothing by either of her exceptions to the rulings of the justice on the admission of evidence.

All the plaintiff's exceptions are overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Gardner, Moss & Haslam, Edward W. Day*, for plaintiff.

*Fitzgerald & Higgins, George Hurley, Edward L. Leahy*, for defendant.